# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

George Pitsilides

   v.

Lawyers Title Ins. Co.

January 16, 1997

Case No. CL96-1897

BY JUDGE KENNETH N. WHITEHURST, JR.

This comes before the court on defendant's motion for summary judgment. Both parties have filed briefs, and the court has heard oral argument. At the hearing on this motion, plaintiff moved to nonsuit Count II of the motion for judgment, which motion was granted by the court.

This is a suit arising from a title insurance policy issued by the defendant title insurance company on September 23, 1981. The following facts are not in dispute: the named insured on the title insurance policy was G & J Land Company, which was a Virginia general partnership comprised of plaintiff and one other person. G & J Land Company owned two parcels of land, the one forming the basis for this dispute and one other. On October 30, 1990, the partnership was dissolved by agreement of the two partners. As a result of the dissolution of the partnership, the subject parcel of land was conveyed by general warranty deed from the partnership to plaintiff, while the other parcel of land was conveyed to the other partner. The grantor on the deed is G & J Land Company, while the grantee is "George Pitsilides, Trustee of The Pitsilides Land Trust." An alleged title defect in the form of a street easement exists, for which plaintiff has sought compensation from defendant under the title policy.

The first count of the motion for judgment states a claim for breach of contract, alleging that the defendant has breached its contractual obligations by denying coverage to plaintiff. Defendant moves for summary judgment on the ground that plaintiff is not an insured under the terms of the policy.

According to the terms and stipulations of the title insurance policy at issue, the insured is defined as being the named insured, G & J Land Company, and:

> those who succeed to the interest of such insured by operation of law as distinguished from purchase, including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors. (Title Policy, Conditions & Stipulations, ¶ 1(a).)

The parties' argument focuses on whether the subject property was conveyed to the grantee "by operation of law" as an in-kind distribution of partnership property upon dissolution of the partnership. The court is of the opinion that even if such a distribution of partnership property can be deemed to occur "by operation of law," it is clear from the face of the motion for judgment that in this particular case, the property was not conveyed to a partner. The plaintiff alleges, and defendant admits, that plaintiff, George Pitsilides, was a general partner in the partnership. Plaintiff further alleges, and defendant admits, that the property was conveyed by the partnership to George Pitsilides, Trustee of the Pitsilides Land Trust. George Pitsilides the individual is an entirely separate entity from George Pitsilides, Trustee. Further, property owned by him as trustee is quite distinct from property owned by him as an individual. *See generally*, 1 Restatement of Trusts 2d, § 179 (a trustee is under a duty to keep trust property separate from his individual property). There is no allegation, or even a suggestion, that George Pitsilides, Trustee, was a partner in G & J Land Company. (George Pitsilides, Trustee, is not even a party to this suit.) There is no basis for finding that a conveyance from the partnership to George Pitsilides, Trustee, a stranger to the partnership, constitutes an in-kind distribution of partnership property to a partner "by operation of law." The defendant's motion for summary judgment as to Count I is sustained.